UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUG JUICE BRANDS, INC. AND
JOSEPH J. NORTON,
   Plaintiffs,

               No. 1:10-cv-229

-v-

               HONORABLE PAUL L. MALONEY

GREAT LAKES BOTTLING CO.,
   Defendant.

ORDER DENYING MOTION FOR EXPEDITED DISCOVERY

   On March 5, 2010, Plaintiff Bug Juice Brands and Plaintiff Norton filed a trademark infringement claim against Defendant Great Lakes Bottling. Plaintiffs contend their "Bug Juice" brand of drinks has been infringed by Defendant's "Jungle Juice" brand of drinks. On March 22, 2010 Plaintiffs filed a motion for a preliminary injunction. (Dkt. No. 5.) Plaintiffs also seek expedited discovery (Dkt. No. 21) prior to a hearing on their motion for injunctive relief. Because the motion for preliminary injunction and motion for expedited discovery were filed *ex parte*, this court ordered (Dkt. No. 24) Plaintiffs to serve the motions on Defendant and provided Defendant with an opportunity to file a response. Plaintiffs filed a certificate of service establishing that Defendant had been served with the motions. (Dkt. No. 29.) Defendant filed its response to the motion for expedited discovery. (Dkt. Nos. 30 and 31.)

ANALYSIS

   Under the Federal Rules of Civil Procedure, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except under limited circumstances including when authorized by court order. FED. R. CIV. P. 26(d)(1). With an exception not

applicable here, a party must obtain leave of the court to depose any person before the time specified in Rule 26(d). FED. R. CIV. P. 30(a)(1)(A)(iii). District courts have authorized expedited discovery prior to a Rule 26 conference upon a showing of good cause. *See e.g. Arista Records, LLC v. Does 1-4*, No. 1:07-cv-1115, 2007 WL 4178641, at * 1 (W.D. Mich. Nov. 20, 2007) (Maloney, D.J.) (collecting cases published in the Federal Rules of Decision). This court, and others, have held that parties "have been able to establish good cause in situations where the moving party alleges infringement." *Arista Records*, 2007 WL 4178641, at *1 (citing *Qwest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo. 2003); *see Pod-ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D.Colo. 2002). District courts have also granted motions for expedited discovery where the moving party seeks a preliminary injunction. *See Qwest Commn'c.*, 213 F.R.D. at 419; *Pod-ners*, 204 F.R.D. at 676; *Ellswork Assoc., Inc. v. United States*, 917 F.Supp. 841, 844 (D.D.C. 1996). To justify departing from the normal discovery regimen, however, the discovery request should be "limited." *See Qwest Commc'n*, 213 F.R.D. at 420 (denying the expedited request as overly broad); *Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Nework, Inc.*, No. Civ. A. 98-cv-2782, 1998 WL 404820, * 2-* 3 (E.D.Pa. July 15, 1998) (same). *C.f. Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-278, 2009 WL 1542731, at * 2 (S.D. Ohio June 2, 2009) (granting Plaintiff's motion for expedited discovery limited to the narrow issue of personal jurisdiction which would be necessary to respond to Defendant's motion to dismiss on the same issue); *Arista Records*, 2007 WL 4178641, at * 3 (granting Plaintiff's motion for expedited discovery in order to determine the identity of individuals who had been assigned specific internet access control numbers assigned by Michigan State University to its students); *Energentics Sys. Corp. v. Adv. Cerametrics, Inc.*, No. CIV. A. 95-7956, at * 2 (E.D.Pa. Mar. 15, 1996) (granting

Plaintiff's motion for expedited discovery limited to the production of documents and answers to interrogatories related to a preliminary injunction hearing, including any patents or patent applications filed during a three-year period or following the three year period).

Plaintiffs seek expedited discovery to depose Defendant and to have Defendant produce certain documents. Plaintiffs seek leave of the court to depose Defendant under FED. R. CIV. P. 30(b)(6). Contrary to Plaintiffs' assertion, the scope of the proposed deposition is neither "limited" nor specific to the pending motion for a preliminary injunction. In their proposed order, Plaintiffs would depose Defendant on various matters, including "all facts relating to GLB's decision to adopt and use the JUNGLE JUICE mark and trade dress for fruit flavored children's beverages," "all facts relating to GLB's promotion, advertising and marketing of fruit flavored children's beverages under the JUNGLE JUICE mark and trade dress since August 2009," and "all facts relating to GLB's sale and distribution of fruit flavored children's beverages under the JUNGLE JUICE mark and trade dress since August 2000." (Dkt. No. 22-2 Schedule A to Exhibit A to Brief in Support.) Plaintiffs also seek leave of the court to have Defendant produce documents under Fed. R. Civ. P. 34. In their proposed order, Plaintiffs would have Defendant produce documents on various matters, including "all documents relating to GLB's decision to adopt and use the JUNGLE JUICE mark and trade dress for fruit flavored children's beverages," "a copy of each printed and/or electronic advertisement, promotional brochure, flyer or internet website which has been used by GLB to market JUNGLE JUICE fruit flavored children's beverages bearing the JUNGLE JUICE mark and trade dress since August 2009," and "all documents referring to relating to [sic] GLB's conception and date of first use of the mark JUNGLE JUICE and all trademark search reports relating to said mark." (Dkt. No. 22-3 Schedule A to Exhibit B to Brief in Support.)

Plaintiffs are not entitled to the relief sought. The discovery requests are not narrow in scope and are not limited to issues necessary for the resolution of the motion for injunctive relief. Rather, the discovery requests broadly seek any and all information necessary for Plaintiffs to establish their cause of action. Although Plaintiffs have suggested the requested discovery items need to be preserved (*see Pod-ners*, 204 F.R.D. at 676 (granting a motion for expedited discovery because the beans at issue were commodities subject to sale, resale, consumption or use with the passage of time)), Plaintiffs have not demonstrated or otherwise established that any of the requested information is at risk of destruction.

For these reasons, Plaintiffs' motion for expedited discovery (Dkt. No. 21) is **DENIED.**

**IT IS SO ORDERED.**

Date:  April 6, 2010             /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 Chief, United States District Judge