UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BUG JUICE BRANDS, INC., AND
JOSEPH J. NORTON,

        Plaintiffs,                      Civil Action No. 10-CV-229 (PLM)

        v.

GREAT LAKES BOTTLING
COMPANY,

        Defendant.

## FINAL JUDGMENT ON CONSENT AND PERMANENT INJUNCTION ORDER

The Court hereby enters the ORDER below, based on the following facts:

A.     In 1991, Plaintiff Joseph J. Norton began manufacturing and selling BUG JUICE® brand fruit flavored children's beverages in petite specially designed child-size clear plastic bottles. In 1998, Plaintiff Norton founded Plaintiff Bug Juice Brands, Inc. and granted it the exclusive right to use the BUG JUICE® names, marks and trade dress in connection with fruit flavored children's beverage products. In 2005, Plaintiffs Joseph J. Norton and Bug Juice Brands, Inc. (collectively "Plaintiffs") introduced and began manufacturing and selling LITE BUG JUICE® fruit flavored children's beverage products.

B.     All BUG JUICE® brand fruit flavored children's beverage products are packaged in the same distinctive packaging (the "BUG JUICE® Brand Trade Dress"):





C. The BUG JUICE® Brand Trade Dress includes the following elements:

(a) a clear specially designed and molded plastic bottle that (i) is rounded at the top below the circular cap with the wording "BUG JUICE" molded into the upper section of the bottle; (ii) has a middle section that is narrower than the top and bottom sections; (iii) has a bottom section that is rounded and the same width as the top section; (iv) uses a bottom that is indented into the bottle; and (v) a paper or plastic label which wraps around the entire center indented portion of the bottle;

2

(b) a label which bears the BUG JUICE® marks and incorporates the BUG JUICE® jungle theme, specifically displaying (i) several large green stylized jungle plant leaves against a blue-green background; (ii) several brightly colored cartoon style insects poised on or about the large green stylized jungle plant leaves, each with a face reflecting a funny, friendly expression; (iii) the name BUG JUICE® in distinctive cartoon/graffiti style lettering placed at a slight diagonal across the front of the label; (iv) each letter of the BUG JUICE® name highlighted in a unique blend of the sunrise colors orange and yellow and outlined and shaded in black; (v) the unique name of each juice flavor on the lower right front side of the label in small, brightly colored block letters (collectively (b)(i)-(b)(v) shall be referred to as the "Jungle Theme"); (vi) the bottle size (10 oz.) on the lower left front side of the label; and

(c) the bright color of each flavor of the BUG JUICE® brand beverage is clearly visible through the clear plastic BUG JUICE® brand bottle as it is coordinated to match each product flavor (i.e. BUG JUICE® brand Fruity Punch is bright red and BUG JUICE® brand Lemony Lime is bright neon green).

D. Plaintiffs' distinctive BUG JUICE® Brand Trade Dress has been in use for at least 19 years, has acquired secondary meaning, and is well-known. The BUG JUICE® Brand Trade Dress is one of the most important ways in which consumers identify the BUG JUICE® brand on the shelf. Plaintiffs devote a great deal of marketing resources to ensure that their BUG JUICE® products are easily visible where sold,

and that that the BUG JUICE® Brand Trade Dress stands in sharp contrast to other children's beverage products on store shelves. In this way, potential new customers easily locate the product, recognize it from its distinctive and familiar trade dress and want to try it. Likewise, the unique BUG JUICE® Brand Trade Dress enables returning customers to easily identify the BUG JUICE® brand without the requirement of sifting through a sea of visually similar bottles. The BUG JUICE® Brand Trade Dress represents and conveys the quality and value of the product to consumers.

E. The elements of the BUG JUICE® Brand Trade Dress are registered on the Principal Register of the Unites States Patent & Trademark Office ("USPTO") as United States Trademark Registration Nos. 3,323,848 (BUG JUICE bottle configuration), 3,455,247 (BUG JUICE label design), 3,732,786 (BUG JUICE label design), 3,786,339 (BUG JUICE & Design), 3,317,139 (LITE BUG JUICE) and 3,329,158 (LITE BUG JUICE label design) (collectively the "BUG JUICE" Marks).

F. BUG JUICE® brand beverage products featuring Plaintiffs' BUG JUICE® Brand Trade Dress are widely distributed throughout the United States through an extensive distribution network that includes wholesale food distributors and retail convenience and grocery stores.

G. The BUG JUICE® Brand Trade Dress is also featured on various in-store displays, such as barrel-shaped ice coolers, shelf strips, cooler door display racks, and danglers, and appear on merchandise such as T-shirts and baseball hats. BUG JUICE® brand products are available for children's birthday parties, and have been

widely offered at community fairs and other public events, including several charity and children's events in Grand Rapids, Michigan and other locations within this district.

H.  Since 1991, Plaintiffs have spent approximately $64 million in connection with the advertisement and promotion of BUG JUICE® brand products in a variety of media throughout the United States including, for example, in-store banners and displays, print advertisements, promotional sponsorships and the internet via advertising on the company's website, located at <drinkbugjuice.com>.

I.  Since their introduction to the marketplace, BUG JUICE® brand products have enjoyed steady sales growth. In 2009 retail sales of BUG JUICE® brand products were over $84 million. The BUG JUICE® brand is widely recognized as a market leader in fruit flavored children's beverages in the convenience store channel.

J.  Plaintiffs thus own valid, strong and enforceable rights in the BUG JUICE® Brand Trade Dress.

K.  Defendant Great Lakes Bottling Company ("Defendant") adopted the trade dress that appears below in connection with its JUNGLE JUICE fruit flavored children's beverage products (the "JUNGLE JUICE Trade Dress"):





L. The JUNGLE JUICE Trade Dress includes the following elements:

(a) clear plastic bottles featuring, among other things, rounded dome-shaped top and bottom sections, beneath a circular cap along with;

(b) paper or plastic labels that display (i) large green stylized jungle leaves against a blue-green background and colorful, cartoon style jungle animals; (ii) the name "JUNGLE JUICE" placed at a slight diagonal across the front center of the label in large, cartoon/graffiti style letters that are colored in a blend of orange and yellow that depicts the color of a sunrise, and outlined and shaded in black; (iii) a jungle animal to the right of the "JUNGLE JUICE" name; (iv) fun, catchy and alliterative beverage names, such as "Orangutan Orange" and "Parrot Punch" in the lower right hand side of the label; (v) the bottle size (10 oz.) in the lower left hand side of the label; and

(c) the color of each beverage is coordinated to match the beverage flavor (the "JUNGLE JUICE Trade Dress").

M. On March 5, 2010, Plaintiffs filed the Complaint in this action against Defendant, alleging, *inter alia*, trade dress infringement, false designation of origin, and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the

common law of the State of Michigan. On March 29, 2010, Defendant filed its Answer.

N. On March 22, 2010, Plaintiffs filed its Motion for Preliminary Injunction and related submissions pursuant to Federal Rule of Civil Procedure 65(a) against Defendant. Defendant filed its Opposition to the Motion for Preliminary Injunction and related submissions on April 9, 2010. Plaintiffs' filed a Reply in Support of their Motion for Preliminary Injunction and related submissions on April 23, 2010.

O. On June 2, 2010, the Court held a hearing whereby the parties presented their arguments and proffered documentary evidence and witness testimony. The Court granted Plaintiffs' Motion for Preliminary Injunction and entered a minute order in respect thereof on June 3, 2010 and the Defendant has agreed to the entry of a permanent injunction.

P. Defendant represents that it has ceased the manufacture and sale of infringing JUNGLE JUICE products.

Q. Because the Parties wish to resolve this action for trade dress infringement and unfair competition, without the necessity of a trial, they jointly request entry of this Consent Decree.

Based upon the consents of the parties and their attorneys, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338. This Court has personal jurisdiction over Defendant because Defendant carries on a continuous

and systematic part of its business in this district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is incorporated in the State of Michigan and carries on a continuous and systematic part of its business in this district.

2. The overall look and appearance of Plaintiffs' BUG JUICE® Brand Trade Dress depicted herein constitutes valid and enforceable trade dress and Plaintiffs are the sole owners of all right, title, and interest in such trade dress.

3. Defendant and all those in active concert or participation with Defendant (including, but not limited to, Defendant's officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and contracting parties and shareholders) are immediately and permanently enjoined, on a worldwide basis, from engaging in any of the following acts:

   (a) Manufacturing, distributing, shipping, advertising, marketing, promoting, selling or otherwise offering for sale the JUNGLE JUICE products in the JUNGLE JUICE Trade Dress or in any other trade dress that is confusingly similar thereto (the "Infringing JUNGLE JUICE Products"), or registering such JUNGLE JUICE Trade Dress as intellectual property (including but not limited to trademarks, copyrights, designs, domain names or any other form of tangible or intangible property) in any jurisdiction worldwide; and

   (b) Manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or otherwise offering for sale any fruit flavored children's

beverage product in any trade dress featuring (i) a clear molded plastic bottle that is rounded at the top with a middle section that is narrower than the top and bottom sections and a bottom section that is rounded and the same width as the top section, (ii) a label bearing the BUG JUICE Jungle Theme or BUG JUICE Marks shown at Section B above and described at Section C(b) above, or (iii) cartoon/graffiti style lettering that is confusingly similar to the BUG JUICE® Brand Trade Dress described in Sections B and C above or registering any trade dress featuring such elements as intellectual property (including but not limited to trademarks, copyrights, designs, domain names or any other form of tangible or intangible property) in any jurisdiction worldwide; and

(c) Applying for registration of any intellectual property (including but not limited to trademarks, copyrights, designs, domain names or any other form of tangible or intangible property) in any jurisdiction worldwide that is confusingly similar to the BUG JUICE® Brand Trade Dress; and

(d) Representing, by any means whatsoever, that any products manufactured, distributed, shipped, advertised, marketed, promoted, sold or offered for sale by Defendant are Plaintiffs' products or vice versa, and from otherwise acting in a way likely to cause confusion, mistake or deception on the part of retailers, purchasers or consumers as to the origin or sponsorship of such products; and

(e) Doing any other acts or things calculated or likely to cause confusion or mistake in the minds of the public or to lead retailers, purchasers or

consumers into the belief that Defendant's products come from Plaintiffs or are somehow sponsored or licensed by, or associated or affiliated with, Plaintiffs or their products; and

(f) Otherwise unfairly competing with Plaintiffs.

4. Defendant shall insure that its distributors immediately cease all sales of Infringing JUNGLE JUICE Products, remove all inventory of Infringing JUNGLE JUICE Products from the marketplace and make best efforts to insure that all inventory of Infringing JUNGLE JUICE Products is removed from retail stores by July 1, 2010.

5. Defendant shall immediately remove all inventory of Infringing JUNGLE JUICE Products from retail stores and in the possession of its distributors together with any labels, packaging, advertisements, and other materials, including any webpages or digitized materials, which refer or relate to the Infringing JUNGLE JUICE Products.

6. Defendant shall issue a recall notice in the form annexed hereto as Exhibit A to all sales representatives, sales managers, distributors and retailers within five (5) days of entry of this Order.

7. On July 15, 2010, Defendant shall file with the Court and serve on Plaintiffs' attorneys a report in writing under oath setting forth (a) the actions taken by Defendant to comply with the terms herein, (b) providing the Court and Plaintiffs with copies of all recall notices issued by Defendant, and (c) providing a detailed inventory of all recalled Infringing JUNGLE JUICE Products maintained by

Defendant at on offsite warehouse facility and the location of that facility ("Inventory").

8. Defendant shall place all recalled Inventory of the Infringing JUNGLE JUICE Products in an off-site warehouse facility and maintain such Inventory at that location until such time as it is removed by Plaintiffs as provided herein. Plaintiffs may remove said Inventory from Defendant's offsite warehouse facility for destruction at anytime after July 20, 2010 and the parties shall cooperate with each other to arrange for the timely removal of said Inventory for destruction. If Plaintiffs do not remove the inventory by July 30, 2010, then Defendant may destroy the product.

9. Defendant shall immediately cease all use of the mark JUNGLE JUICE and withdraw U.S. Application Serial Number 77/733,702 for the mark FLAVORWAVE JUNGLE JUICE within five (5) days of the entry of this Order.

10. Any claims asserted in this litigation other than those resolved through this Consent Decree and Permanent Injunction shall be dismissed with prejudice, each party to bear its own costs and attorneys fees.

11. Jurisdiction is retained by the Court to ensure compliance with the terms of this Consent Decree and Permanent Injunction. If either party is found to have violated any term of this Consent Decree and Permanent Injunction, the non-breaching party shall be entitled to recover its reasonable attorneys' fees and costs in connection with such violation and the enforcement thereof.

12. There shall be no appeal from this Consent Decree and Permanent Injunction.

SO ORDERED this 10th day of June, 2010     /s/ Paul L. Maloney
Honorable Paul L. Maloney
U.S. District Court Judge

The undersigned consent to the entry of this Consent Decree and Permanent Injunction without further notice.

On behalf of:

Joseph J. Norton, Individually and as President of Bug Juice Brands, Inc., Plaintiffs.

By: /s/ Joseph J. Norton

Date: June 9, 2010

As Counsel for Joseph J. Norton and Bug Juice Brands, Inc.

By: /s/ David J. Gass

Date: June 9, 2010

David J. Gass, Esq. (P34582)
D. Andrew Portinga, Esq. (P55804)
MILLER JOHNSON
250 Monroe Avenue, N.W., Suite 800
P.O. Box 306
Grand Rapids, Michigan 49501-0306
T: (616) 831-1700
F: (616) 831-1701
gassd@millerjohnson.com
portingaa@millerjohnson.com

*Of Counsel*:
Virginia R. Richard, Esq.
Stephanie S. McCallum, Esq.
Sanjana Chopra, Esq.
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
T: (212) 294-6700
F: (212) 294-4700

On behalf of:

Great Lakes Bottling Company, Defendant.

By: /s/ DuaneDeWitt

Date: June 9, 2010

As Counsel for Great Lakes Bottling Company

By: /s/ Robert J. Sayfie

Date: June 9, 2010

Robert J. Sayfie, Esq.
ROBERT J. SAYFIE, P.C.
Attorney at Law
Waters Building
161 Ottawa Ave., N.W.
Suite 407
Grand Rapids, MI 49503
T: (616) 774-9244
F: (616) 774-9202
Robert@sayfie.com